HARVEY OFFICER, Executor and Trustee, *vs.* MARY L. SIMPSON and others.

September 13, 1880.

**Trust to Receive and Apply Rents and Profits.**—The decision in *Simpson* v. *Cook*, 24 Minn. 180, construing the will of James W. Simpson as to the power of the trustee named in it to sell real estate, adhered to.

James W. Simpson, of the city of St. Paul, died on May 31, 1870, seized of certain real estate in block 16, and certain other real estate on the levee, in that city. By his last will he named the plaintiff as his executor, and made the following dispositions affecting his real property:

"*Fourth.* I desire that my wife and children shall continue to occupy the house we now reside in, together with so much of block 16 in St. Paul proper as is enclosed in the fence now surrounding said house, until a permanent homestead shall be purchased for them as hereinafter provided.

"*Fifth.* Whenever my said executor shall deem it best for the interests of my estate, he may sell the whole or any part of the real estate belonging to me in block 16, St. Paul proper, and out of and with the proceeds thereof (or with other funds belonging to my estate, if he shall deem it best so to do) he shall purchase a house and lot or lots in said city of St. Paul, for which he shall pay a sum not exceeding $4,000, which property shall be purchased in the name of my estate, and which shall thereafter become the homestead of my said wife and our children; and when our youngest child shall become of lawful age, my said executor shall convey the said homestead and property so purchased to my said wife, in fee simple, if she be then living; and if not then living, the said property shall be divided amongst my children in the manner hereinafter provided.

"*Sixth.* My said executor shall, during the lifetime of my said wife, pay over to her monthly or quarterly such sums of money

as may be necessary in his judgment for the prudent and economical support and maintenance of my said wife, and for the support, maintenance and education of such of our children as may live with my said wife in her homestead, during their minority, or until the marriage of our daughters; and he shall also pay for the education and maintenance of such of our children as may be absent from home attending school with the consent and approbation of my wife and my said executor: it being my express desire that all my children may have such education as my estate will justify.

"*Seventh.* It is my desire that no division of the balance of my real estate shall be made amongst my children until the youngest child shall become of lawful age. But if the net income and profits of my estate shall justify it, my said executor may at any time in his discretion advance to any one or more of my children who are of lawful age, or lawfully married, such sums as he may think can be spared from the said net incomes and profits, or from the proceeds of the real estate authorized to be sold as aforesaid, without prejudice to the said estate, and without prejudice to the maintenance of my said wife and minor children.

"*Eighth.* When my youngest child shall become of lawful age, all the rest and residue of my real estate and personal property, wheresoever situate, shall be equally divided between my said wife and our children, share and share alike, the shares of each child being subject to any advancements made to them by my executor, as aforesaid."

In 1871 the plaintiff sold a part of the land in block 16 to J. B. Cook, and used the greater part of the proceeds in improving the levee property, which consisted of two warehouses, one of which was of wood, in a ruinous condition, and the other of stone. The former he rebuilt, and upon the latter put a new roof. At the time of the testator's death the property on the levee yielded a rental of $2,000 per year. In consequence of changes in the levee itself, and of the withdrawal of mercantile business therefrom, and from other causes, the

value of property there had steadily declined, until, in 1875, when this action was brought, the two warehouses yielded a rent of not more than $1,200 per year, while, on the other hand, the value of the land in block 16 was rapidly advancing, in consequence of street improvements in the vicinity, and the erection of buildings for wholesale trade. The gross income of the estate being reduced to $2,050, and this being further reduced, by payment of taxes, to $1,133, and several of the children being still minors, the plaintiff brought this action in the district court for Ramsey county, praying that his sale to Cook of land in block 16 might be confirmed, and asking authority to sell and convey the levee property for the sum of $30,000, which had been offered him therefor by the Milwaukee & St. Paul Railway Company,—that corporation owning the property on both sides of the warehouses, and wishing to buy them to use with such other property.

The action was defended by the widow of the testator, and by consent of parties was tried by a referee, who found, among others, the foregoing facts, and also that the net income of the estate was insufficient for the maintenance of the widow and the support and education of the children; that the value of the levee property had been steadily declining for several years; that it was not worth in market more than $15,000 and was likely to continue to decline in value in the future; that the estate could be made sufficiently productive to enable the plaintiff to carry out the wishes of the testator in respect to the maintenance of the widow and the support and education of the children, only by a sale of a part of the testator's real estate and the reinvestment of the proceeds in productive property, and that it was for the interest of the beneficiaries under the will that the levee property should be sold to the railway company at the price offered, and that the sum so realized be reinvested in productive property, rather than that any sale or other disposition be made at present of the property remaining unsold in block 16.

As conclusions of law the referee held that the sale to

Cook should be confirmed, and that the court had no power to direct or authorize a sale of the levee property. Judgment was entered accordingly, and the plaintiff appealed. Pending this appeal, the widow brought an action to set aside the sale to Cook. See *Simpson* v. *Cook*, 24 Minn. 180.

*Harvey Officer* and *Bigelow, Flandrau & Clark,* for appellant.

The entire estate in the lands is vested in the trustee, subject only to the execution of the trust, the beneficiaries having no estate or interest therein. Gen. St. 1878, c. 43, § 16. If a sale is to be made, it can only be made by the trustee. Perry on Trusts, §§ 312, 313; *Cruger* v. *Jones*, 18 Barb. 467. The paramount object of the trust is the maintenance of the widow and the support and education of the children during their minority; (see the 6th clause of the will;) and to that object, defined with clearness and certainty, money is devoted to the extent of its necessities, of which the executor is made the sole judge, and which he is not merely desired or requested, but commanded, to meet. This object should be carried out. If it cannot be done without a sale of the property, the property should be sold. The executor is not in terms directed to raise the moneys out of the rents and profits; but if he were, the failure of rents and profits should not be allowed to defeat the trust, for the presumption is that the testator intended that the moneys should be raised at all events, so that the end and object of the trust may be accomplished. The rents and profits, in such a case, are but the means to an end, and the means shall not control the end, but yield to it. 2 Story Eq. Jur. §§ 1064, 1064a; *Purdie* v. *Whitney*, 20 Pick. 25.

There is nothing in the will which in terms forbids a sale, or requires the executor to hold any specific property during the trust term. The first sentence of the 7th clause expresses a desire that no division of the real estate be made, not that no sale shall be made; and if this can be construed as an expression of the testator's desire that certain real estate shall not be sold, it is only a desire, not a positive direction, and

the whole matter is left to the discretion of the executor. 2 Redf. Wills, (2d Ed.) 415, 416, 423; *Heneage* v. *Andover*, 4 Exch. 369, 390–1; *Matter of Pennock's Estate*, 20 Pa. St. 268, 280; *Gilbert* v. *Chapin*, 19 Conn. 342, 351; *Harper* v. *Phelps*, 21 Conn. 257; *Sharon* v. *Simons*, 30 Vt. 458; *Van Amee* v. *Jackson*, 35 Vt. 173; 2 Story Eq. Jur. § 1069; Perry on Trusts, §§ 114, 115, 118, 448, 581; *Dimes* v. *Scott*, 4 Russ. 195; *Walker* v. *Whiting*, 23 Pick. 313; *Baker* v. *Rea*, 4 Dana, 158.

No appearance for respondent.

GILFILLAN, C. J. The will involved in this case was before us for construction in *Simpson* v. *Cook*, 24 Minn. 180. The only respect in which a construction of it is sought now, is in regard to the power of the trustee appointed by the will to sell the real estate other than that in block 16. The same question was presented in *Simpson* v. *Cook*, and we held there was no power given the trustee to sell such other real estate. Upon again examining the provisions of the will, we are satisfied that decision was correct. Not only is there no language in the will expressing an intention that the trustee should have authority in any event to sell the other real estate, but such intention is excluded by the power being confined to the real estate in block 16. The will reads in the fifth clause: "Whenever my said executor shall deem it best for the interests of my estate, he may sell the whole, or any part, of the real estate belonging to me in block 16." The only mention in the will of the other real estate is in the seventh clause: "It is my desire that no division of the balance of my real estate shall be made amongst my children until the youngest child shall become of lawful age;" and in the eighth clause: "When my youngest child shall become of lawful age, all the rest and residue of my real estate and personal property, wheresoever situate, shall be equally divided between my said wife and our children, share and share alike." These clauses show it was the intention of the tes-

tator that his real estate, other than that in block 16, should remain intact until the time indicated for its division.

The will provides, in the sixth clause, that the executor shall pay, monthly or quarterly, to the wife, such sums of money as, in his judgment, may be necessary for her prudent and economical support and maintenance, and that of such of the children as may live with her, during their minority, or until the marriage of the daughters; and shall pay for the education and maintenance of such of the children as may be absent at school with the consent of the wife and the executor. It is argued that this is the paramount object of the trust, and that if this object cannot be carried out except by a sale of the real estate, as the keeping intact the real estate other than that in block 16 is a subordinate object, it must yield, and in that event the power to sell exists. The report of the referee, while it shows that it would be better for all concerned to have such other real estate sold, does not show it necessary for the support and maintenance of the widow and children. But if it did, it would not affect the question. The power to sell the real estate could exist only where such was the intention of the testator. If he did not intend it to be sold for the support of the widow and children, then the trustee has no power to sell it for that purpose. The will indicates the fund or portion of the estate from which he intended the widow and children to be supported. Besides the real estate, the testator left a considerable amount of personal property. The real estate authorized to be sold was of great value, and that not authorized to be sold was bringing considerable rent. In the latter part of clause 7, the will authorizes the trustee, at any time, at his discretion, to make advances to any one or more of the children of lawful age, or lawfully married, of such sums as he may think can be spared from the net incomes and profits of the estate, or from the proceeds of the real estate authorized to be sold, without prejudice to the estate, and without prejudice to the maintenance

of the widow and minor children. It was clearly not the testator's intention that the real estate which the trustee was not expressly authorized to sell should be, in any event, diverted from his purpose to have it remain a part of the estate till divided as the will directs.

Judgment affirmed.